JUDGE BATTS

'08 CIV 5025

UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

JULIET JACKSON, DANTE CARR, ISAIAH CARR,
RICHARD PETGRAVE, and WILLIS MOORE,

                Plaintiffs,

-against-

CITY OF NEW YORK, and JOHN and JANE DOE 1
Through 10, individually and in their official capacities
(the names John and Jane Doe being fictitious, as the
true names are presently unknown),

                Defendants
----------------------------------------------------------------X

**COMPLAINT**

Index No.:

Jury Trial Demanded



Plaintiffs, by their attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully allege as follows.

## PRELIMINARY STATEMENT

1. Plaintiffs bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitution of the State of New York and the United States. Plaintiffs also assert supplemental state law claims.

## JURISDICTION

2. The action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. §

1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5.  Plaintiffs respectfully demand a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.  Plaintiffs JULIET JACKSON, DANTE CARR, ISAIAH CARR, RICHARD PETGRAVE, and WILLIS MOORE were at all relevant times residents of the City and State of New York. On the date of the incident, they were all lawfully present in the home of Juliet Jackson, located at 3343 Bouck Ave., Bronx, New York 10469.

7.  Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.  Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, City of New York.

9.  That at all times hereinafter mentioned, the individually named defendants JOHN and JANE DOE 1 Through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the States or City New York.

11. Each and all of the acts of the defendants alleged herein were done by said

defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

12. Each and all of the acts of the defendant alleged herein were done by said defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

## FACTS

13. On March 3, 2007 beginning at approximately 11:45 a.m., inside 3343 Bouck Avenue, Bronx, New York, the defendant NYPD police officers unlawfully entered the home of JULIET JACKSON, and thereafter assaulted and/or battered and imprisoned plaintiffs DANTE CARR, ISAIAH CARR, RICHARD PETGRAVE and WILLIS MOORE, without justification or privilege.

14. Plaintiffs DANTE CARR, RICHARD PETGRAVE and WILLIS MOORE were intentionally and maliciously tightly handcuffed by the defendants, and taken in police custody the NYPD 49th precinct.

15. Plaintiffs DANTE CARR, RICHARD PETGRAVE and WILLIS MOORE were subjected to illegal, humiliating and degrading strip searches inside the 49th precinct stationhouse.

16. While inside the 49th precinct, the defendants drew up baseless charges against plaintiffs DANTE CARR, RICHARD PETGRAVE and WILLIS MOORE, which were designed to cover up their abuse of authority and brutality employed during the illegal entry into the home of JULIET JACKSON.

17. Plaintiffs DANTE CARR, RICHARD PETGRAVE and WILLIS MOORE were transported to other NYPD locations and eventually to Bronx Central Booking.

18. They were caused by the defendants to be arraigned on baseless charges, which were eventually dismissed and sealed as to plaintiffs RICHARD PETGRAVE and WILLIS MOORE.

19. While inside 3343 Bouck Avenue, the defendant NYPD police officers took a quantity of U.S. currency without permission or authority from plaintiff JULIET JACKSON.

20. All of the above occurred while other NYPD officers witnessed and failed to intervene in the illegal conduct described herein.

21. As a result of the foregoing, the plaintiffs sustained, *inter alia,* physical injuries, emotional distresses, embarrassment, and humiliation, and deprivation of their liberty and constitutional rights.

### Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights under 42 U.S.C. § 1983)

22. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "21" with the same force and effect as if fully set forth herein.

23. All of the aforementioned acts of defendants, their agents, servants and employee were carried out under the color of state law.

24. All of the aforementioned acts deprived plaintiffs of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and fourteenth Amendments to the Constitution of the United of America, and in violation of 42 U.S.C. §1983.

25. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

26. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

27. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

### AS AND FOR A SECOND CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

28. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "27" with the same force and effect as if fully set forth herein.

29. The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiffs' constitutional rights.

30. As a result of the aforementioned conduct of defendants, plaintiffs were subjected to excessive force and sustained physical injuries.

### AS AND FOR A THIRD CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

31. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "30" with the same force and effect as if fully set forth herein.

32. Defendants had an affirmative duty to intervene on behalf of plaintiffs, whose constitutional rights were being violated in their presence by other officers.

33. The defendants failed to intervene to prevent the unlawful conduct described herein.

34. As a result of the foregoing, plaintiffs' liberty was restricted for an extended

period of time, they were put in fear of their safety, and they were humiliated and subjected to handcuffing and other physical restraints, subjected to excessive force and strip searched, and searched, detained and prosecuted without probable cause.

### AS AND FOR A FOURTH CAUSE OF ACTION
(False Arrest 42 U.S.C. § 1983)

35. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36. Defendants intentionally detained the plaintiffs and held them in police custody for an extended period of time without probable cause or privilege.

37. The false arrests of the plaintiffs violated their Fourth and/or Fourteenth Amendment rights.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Unlawful Entry into the Home 42 U.S.C. § 1983)

38. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein

39. Upon information and belief, defendants entered plaintiffs' home without a warrant, and absent probable cause, exigent circumstances, or any lawful justification.

40. As a result plaintiffs' right to be free from an unlawful entry into the home via the Fourth Amendment was violated.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Unlawful Strip Search under 42 U.S.C. § 1983)

41. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42. Certain of the plaintiffs were subjected to unlawful strip searches in the absence of probable cause or reasonable individualized suspicion that each of said plaintiffs was in

possession of weapons and/or contraband at the time they were strip searched.

43. As a result of the aforementioned conduct of defendants, plaintiffs' Fourth and/or Fourteenth Amendment Rights were violated.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

44. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45. Defendants maliciously issued criminal process against certain of the plaintiffs by causing them to be arraigned and prosecuted in Criminal Court.

46. Defendants caused plaintiffs to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their acts of brutality.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

47. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

49. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, conducting unlawful home invasions, making unlawful arrests during search warrant executions, and carrying a *de facto* blanket policy, custom or practice of strip searching detainees in the custody of narcotics units in violation of the United States and New York State Constitutions, and detaining and

arresting all occupants of premises without appropriate or sufficient evidence to justify said police action. In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation plaintiffs' rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

50. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs.

51. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs as alleged herein.

52. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs as alleged herein.

53. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiffs were unlawfully seized, beaten, detained, incarcerated, prosecuted, strip searched and/or subjected to physical abuse.

54. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs' constitutional rights.

55. All of the foregoing acts by defendants deprived plaintiffs' of federally protected

6

rights, including, but not limited to, the right:

A.  Not to be deprived of liberty without due process of law;

B.  To be free from seizure and arrest not based upon probable cause;

C.  To be free from malicious abuse of process;

D.  To be free from false imprisonment/arrest;

E.  To receive equal protection under law;

F.  To be free from the use of excessive force and/or the failure to intervene.

G.  To be free from unlawful strip searches; and

H.  To be free from unlawful entries into the home.

56.   As a result of the foregoing, plaintiffs are entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

**Supplemental State Law Claims**

57.   Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58.   Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the City of New York, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

59.   The City of New York has wholly neglected or refused to make an adjustment or payment thereof and MOORE then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

60.   The action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

61.     Plaintiff has complained with all conditions precedent to maintaining the instant action.

62.     Their action falls within one or MOORE of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A NINTH CAUSE OF ACTION
### (Assault under the laws of the State of New York)

63.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64.     As a result of the foregoing, plaintiffs were placed in apprehension of imminent harmful and offensive bodily contact.

65.     As a result of defendant's conduct, plaintiffs have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## AS AND FOR A TENTH CAUSE OF ACTION
### (Battery under the laws of the State of New York)

66.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

67.     Defendants made offensive contact with plaintiffs without privilege or consent.

68.     As a result of defendant's conduct, plaintiffs have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## AS AND FOR A ELEVENTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress under the laws of the State of New York)

69.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

71. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

72. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

73. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiffs.

74. As a result of the aforementioned conduct, plaintiffs suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

## AS AND FOR THE TWELFTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

75. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

76. Defendants intentionally confined the plaintiffs and held them in police custody for an extended period of time without probable cause or privilege.

77. As a result of the aforementioned conduct, plaintiffs were unlawfully imprisoned in violation of the laws of the State of New York.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Unlawful Strip Search under the laws of the State of New York)

78. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "77" with the same force and effect as if fully set forth herein.

79. Plaintiffs were subjected to unjustified strip searches.

80. As a result of the aforementioned conduct of defendants, plaintiffs were strip searched in violation of the New York State constitution.

### AS AND FOR THE FOURTEENTH CAUSE OF ACTION
(Malicious Abuse of Process under the laws of the State of New York)

81. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "80" with the same force and effect as if fully set forth herein.

82. Defendants maliciously issued criminal process against plaintiffs by causing them to be arraigned and prosecuted in Criminal Court. .

83. Defendants caused plaintiffs to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their acts of brutality.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

84. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraph numbered "1" through "83" with the same force and effect as if fully set forth herein.

85. Upon information and belief, defendant City of New York failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiffs.

86. Defendant City of New York knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in the Complaint.

### AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

87. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "87" with the same force and effect as if fully set forth herein.

88. Upon information and belief the defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiffs.

### AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

89. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "88" with the same force and effect as if fully set forth herein.

90. Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant City of New York and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

### AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

91. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "90" with the same force and effect as if fully set forth herein.

92. Defendant City of New York is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

93. As a result of the foregoing, plaintiffs are entitled to compensatory damages in amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of their action.

**WHEREFORE**, plaintiffs demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C) reasonable attorney's fees and the costs and disbursements of their action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
May 30, 2008

LEVENTHAL & KLEIN, LLP
45 Main St., Suite 230
Brooklyn, New York 10007
(718) 722-4100

By: _____
BRETT H. KLEIN

Attorneys For Plaintiffs JULIET JULIET JACKSON, LAMAR CARR, DANTE CARR, RICHARD PETGRAVE, and WILLIS MOORE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

JULIET JACKSON, DANTE CARR, ISAIAH CARR,
RICHARD PETGRAVE, and WILLIS MOORE,

                                    Plaintiffs,

     -against-

CITY OF NEW YORK, and JOHN and JANE DOE 1
through 10, individually and in their official capacities,
(the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                                    Defendants.

------------------------------------------------------------------------X


**COMPLAINT**


LEVENTHAL & KLEIN, LLP
Attorneys for Plaintiffs JULIET JACKSON, DANTE CARR,
ISAIAH CARR, RICHARD PETGRAVE, and WILLIS MOORE
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100