UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

| | |
|---|---|
| JULIET JACKSON, DANTE CARR, ISAIAH CARR, RICHARD PETGRAVE, and WILLIS MOORE,<br><br>**Plaintiffs,**<br><br>-against-<br><br>CITY OF NEW YORK, and JOHN and JANE DOE 1 Through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),<br><br>**Defendants.** | **ANSWER OF DEFENDANT CITY OF NEW YORK**<br><br>08 Civ. 5025 (DAB)<br><br>JURY TRIAL DEMANDED |

------------------------------------------------------------------------ x

Defendant City of New York ("City"), by its attorney Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon information and belief, as follows.

1. Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiffs purport to proceed as stated therein.

2. Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiffs purport to proceed as stated therein, and further admits that plaintiffs purport to invoke the jurisdiction of the Court as stated therein.

3. Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiffs purport to invoke the jurisdiction of the Court as stated therein.

4. Denies the allegations set forth in paragraph "4" of the complaint, except admits that plaintiffs purport to base venue as stated therein.

5. States that the allegations set forth in paragraph "5" of the complaint do not contain averments of fact to which a response is required.

6. Denies the allegations set forth in paragraph "6" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegation regarding plaintiffs' residency.

7. Denies the allegations set forth in paragraph "7" of the complaint, except admits that the City of New York is a municipal corporation.

8. Denies the allegations set forth in paragraph "8" of the complaint, except respectfully refers the Court to the New York City Charter and Administrative Code for a recitation of the relationship between defendant City of New York and the New York City Police Department.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13. Denies the allegations set forth in paragraph "13" of the complaint.

14. Denies the allegations set forth in paragraph "14" of the complaint, except admits that plaintiffs Dante Carr, Richard Petgrave and Willis Moore were transported to the 49th Precinct.

15. Denies the allegations set forth in paragraph "15" of the complaint.

16. Denies the allegations set forth in paragraph "16" of the complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18. Denies the allegations set forth in paragraph "18" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegation regarding the disposition of the criminal charges.

19. Denies the allegations set forth in paragraph "19" of the complaint.

20. Denies the allegations set forth in paragraph "20" of the complaint.

21. Denies the allegations set forth in paragraph "21" of the complaint.

22. In response to the allegations set forth in paragraph "22" of the complaint, defendant City repeats and realleges the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

23. States that the allegations set forth in paragraph "23" of the complaint constitute legal conclusions to which no response is required.

24. Denies the allegations set forth in paragraph "24" of the complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the complaint.

27. Denies the allegations set forth in paragraph "27" of the complaint.

28. In response to the allegations set forth in paragraph "28" of the complaint, defendant City repeats and realleges the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

29. Denies the allegations set forth in paragraph "29" of the complaint.

30. Denies the allegations set forth in paragraph "30" of the complaint.

31. In response to the allegations set forth in paragraph "31" of the complaint, defendant City repeats and realleges the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

32. Denies the allegations set forth in paragraph "32" of the complaint.

33. Denies the allegations set forth in paragraph "33" of the complaint.

34. Denies the allegations set forth in paragraph "34" of the complaint.

35. In response to the allegations set forth in paragraph "35" of the complaint, defendant City repeats and realleges the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

36. Denies the allegations set forth in paragraph "36" of the complaint.

37. Denies the allegations set forth in paragraph "37" of the complaint.

38. In response to the allegations set forth in paragraph "38" of the complaint, defendant City repeats and realleges the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

39. Denies the allegations set forth in paragraph "39" of the complaint.

40. Denies the allegations set forth in paragraph "40" of the complaint.

41. In response to the allegations set forth in paragraph "41" of the complaint, defendant City repeats and realleges the responses set forth in preceding paragraphs of this answer as if fully set forth herein

42. Denies the allegations set forth in paragraph "42" of the complaint.

43. Denies the allegations set forth in paragraph "43" of the complaint.

44. In response to the allegations set forth in paragraph "44" of the complaint, defendant City repeats and realleges the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

45. Denies the allegations set forth in paragraph "45" of the complaint.

46. Denies the allegations set forth in paragraph "46" of the complaint.

47. In response to the allegations set forth in paragraph "47" of the complaint, defendant City repeats and realleges the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

48. Denies the allegations set forth in paragraph "48" of the complaint.

49. Denies the allegations set forth in paragraph "49" of the complaint.

50. Denies the allegations set forth in paragraph "50" of the complaint.

51. Denies the allegations set forth in paragraph "51" of the complaint.

52. Denies the allegations set forth in paragraph "52" of the complaint.

53. Denies the allegations set forth in paragraph "53" of the complaint.

54. Denies the allegations set forth in paragraph "54" of the complaint.

55. Denies the allegations set forth in paragraph "55" of the complaint, and its subparts.

56. Denies the allegations set forth in paragraph "56" of the complaint, except admits that plaintiffs purport to seek relief as stated therein.

57. In response to the allegations set forth in paragraph "57" of the complaint, defendant City repeats and realleges the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

58. Denies the allegations set forth in paragraph "58" of the complaint, except admits that a document purported to be a Notice of Claim was received by the City of New York on September 27, 2007 for plaintiff Juliet Jackson and June 4, 2007 for the remaining plaintiffs.

59. Denies the allegations set forth in paragraph "59" of the complaint, except admits that thirty days has elapsed since September 27, 2007 and June 4, 2007.

60. Denies the allegations set forth in paragraph "60" of the complaint, except admit that, according to the docket sheet, plaintiffs' complaint was filed on May 30, 2008.

61. Denies the allegations set forth in paragraph "61" of the complaint.

62. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "62" of the complaint.

63. In response to the allegations set forth in paragraph "63" of the complaint, defendant City repeats and realleges the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

64. Denies the allegations set forth in paragraph "64" of the complaint.

65. Denies the allegations set forth in paragraph "65" of the complaint.

66. In response to the allegations set forth in paragraph "66" of the complaint, defendant City repeats and realleges the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

67. Denies the allegations set forth in paragraph "67" of the complaint.

68. Denies the allegations set forth in paragraph "68" of the complaint.

69. In response to the allegations set forth in paragraph "69" of the complaint, defendant City repeats and realleges the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

70. Denies the allegations set forth in paragraph "70" of the complaint.

71. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "71" of the complaint.

72. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "72" of the complaint.

73. Denies the allegations set forth in paragraph "73" of the complaint.

74. Denies the allegations set forth in paragraph "74" of the complaint.

75. In response to the allegations set forth in paragraph "75" of the complaint, defendant City repeats and realleges the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

76. Denies the allegations set forth in paragraph "76" of the complaint.

77. Denies the allegations set forth in paragraph "77" of the complaint.

78. In response to the allegations set forth in paragraph "78" of the complaint, defendant City repeats and realleges the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

79. Denies the allegations set forth in paragraph "79" of the complaint.

80. Denies the allegations set forth in paragraph "80" of the complaint.

81. In response to the allegations set forth in paragraph "81" of the complaint, defendant City repeats and realleges the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

82. Denies the allegations set forth in paragraph "82" of the complaint.

83. Denies the allegations set forth in paragraph "83" of the complaint.

- 8 -

84. In response to the allegations set forth in paragraph "84" of the complaint, defendant City repeats and realleges the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

85. Denies the allegations set forth in paragraph "85" of the complaint.

86. Denies the allegations set forth in paragraph "86" of the complaint.

87. In response to the allegations set forth in paragraph "87" of the complaint, defendant City repeats and realleges the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

88. Denies the allegations set forth in paragraph "88" of the complaint.

89. In response to the allegations set forth in paragraph "89" of the complaint, defendant City repeats and realleges the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

90. Denies the allegations set forth in paragraph "90" of the complaint.

91. In response to the allegations set forth in paragraph "91" of the complaint, defendant City repeats and realleges the responses set forth in preceding paragraphs of this answer as if fully set forth herein.

92. Denies the allegations set forth in paragraph "92" of the complaint.

93. Denies the allegations set forth in paragraph "93" of the complaint, except admits that plaintiffs purport to seek relief as stated therein.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

94. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

95. Defendant City has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

96. At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City has governmental immunity from liability.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

97. Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct or the culpable or negligent conduct of others and was not the proximate result of any act of defendant City.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

98. There was probable cause for plaintiffs' arrest and prosecution, if any.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

99. Plaintiffs provoked any incident.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

100. Plaintiffs have failed to comply with New York General Municipal Law §§ 50-e and 50-i.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

101. Plaintiffs' claims are barred, in part, by the applicable statute of limitations.

**WHEREFORE,** defendant City requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         August 26, 2008

                                MICHAEL A. CARDOZO
                                Corporation Counsel of the
                                  City of New York
                                Attorney for Defendant City
                                100 Church Street
                                New York, New York 10007
                                (212) 788-0906

                         By:         /s/
                                Shawn D. Fabian (SF4606)
                                Assistant Corporation Counsel
                                Special Federal Litigation Division


To:   Brett H. Klein, Esq. (By ECF and First Class Mail)
      Leventhal & Klein, LLP
      *Attorneys for Plaintiffs*
      45 Main Street, Suite 230
      Brooklyn, New York 11201

## DECLARATION OF SERVICE

Shawn D. Fabian declares, under penalty of perjury and pursuant to 28 U.S.C. § 1746, that the following is true and correct: On August 26, 2008, I served the annexed "**ANSWER OF DEFENDANT CITY OF NEW YORK**," upon Brett H. Klein, Esq., attorney for plaintiffs, by depositing a copy of same, enclosed in a first class, postpaid properly addressed wrapper in a post office/official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to plaintiff:

    Brett H. Klein, Esq.
    Leventhal & Klein, LLP
    45 Main Street, Suite 230
    Brooklyn, New York 11201

being the address designated by plaintiff for that purpose.


Dated: New York, New York
       August 26, 2008

                                              /s/
                                    SHAWN D. FABIAN
                                    ASSISTANT CORPORATION COUNSEL